UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

THE STATE OF NEW YORK,

                Plaintiff,

    v.                                                  **DECISION AND ORDER**
                                                           07-CV-794S

PNEUMO ABEX LLC, *as successor to Abex
Corporation and Pneumo Abex Corporation*,
BAYEX INC. *a/k/a Bayex Incorporated*,
SAINT GOBAIN-TECHNICAL FABRICS AMERICA, INC.,
NEWELL RUBBERMAID, INC., *for itself and its
affiliate, the Bernzomatic Division of Irwin
Industrial Tool Co.*,
THE GREAT ATLANTIC & PACIFIC TEA CO., INC.,
FISHER PRICE, INC.,
THE QUAKER OATS COMPANY, INC.,
CONOPCO, INC. *d/b/a Thomas J. Lipton Company*,
AVON INJECTED RUBBER & PLASTICS, INC., and
OWENS-ILLINOIS, INC.,

                              Defendants.
───────────────────────────────

       1.      On December 10, 2007, Plaintiff filed a consent decree that all parties in this action have signed. (Docket No. 2.) The consent decree resolves this litigation, which Plaintiff commenced on November 30, 2007, by filing a Complaint pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), as amended, 42 U.S.C. § 9601 et seq. Plaintiff sought a judgment requiring Defendants to reimburse it for past and future costs incurred in collecting and treating leachate from the McKenna landfill located in Orleans County, New York. Plaintiff also sought recovery for the costs of monitoring and maintaining the site to prevent the release of hazardous substances. The parties have filed a joint submission seeking this Court's approval of the Consent Decree. (Docket No. 5.)

2. Approval of a proposed consent decree falls squarely within the court's discretion and should be considered in light of the strong policy of encouraging voluntary settlement of litigation. See United States v. Hooker Chems. & Plastics Corp., 776 F.2d 410, 411 (2d Cir. 1985). In examining a proposed consent decree in the environmental context, a court must satisfy itself that the settlement is reasonable, fair, and consistent with the purposes of the statute under which the case was brought. See United States v. Alliedsignal, Inc., 62 F.Supp.2d 713, 719 (N.D.N.Y. 1999) (citing United States v. Cannons Eng'g Corp., 899 F.2d 79, 85 (1st Cir. 1990)).

3. The general requirements governing approval of consent decrees must also be satisfied. That is, the proposed consent decree must (1) arise from and resolve a dispute over which the court has subject matter jurisdiction, (2) fall within the scope of the case made by the pleadings, and (3) further the objective of the law upon which the complaint was based. See Kozlowski v. Coughlin, 871 F.2d 241, 244 (2d Cir. 1989); United States v. City of New York, 30 F.Supp.2d 325, 330-31 (E.D.N.Y. 1998). "It is well settled that the function of the reviewing court is not to substitute its judgment for that of the parties to the decree but to assure itself that the terms of the decree are fair and adequate and are not unlawful, unreasonable, or against public policy." United States v. Hooker Chems. & Plastics Corp., 540 F.Supp. 1067, 1072 (W.D.N.Y. 1982). This Court is satisfied that the consent decree meets these requirements.

4. In December of 1980, Congress enacted CERCLA "in response to the serious environmental and health risks posed by industrial pollution." United States v. Bestfoods, 524 U.S. 51, 55, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998). The statute was designed to "provide for liability, compensation, cleanup, and emergency response for

hazardous substances released into the environment and the cleanup of inactive hazardous waste disposal sites." Freeman v. Glaxo Wellcome, Inc., 189 F.3d 160, 163 (2d Cir. 1999) (quoting Pub. L. No. 96-510, 94 Stat. 2767, 2767 (1980)).  To that end, CERCLA "creates a regime of broad-ranging liability, permitting the government to recover its remediation expenses directly from parties responsible for pollution, and authorizing private parties to pursue contribution or indemnification from potentially responsible parties for expenses incurred responding to environmental threats."  Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 326 (2d Cir. 2000) (internal citations omitted).

5.      This Court finds that the settlement as reflected in the consent decree is reasonable, fair, and consistent with the purposes of CERCLA.  First, the consent decree is reasonable.  Plaintiff recognizes the possibility that various bankrupt entities, which would be unable to contribute to remediation costs, could be found responsible.  It also recognizes the difficulty of apportioning each defendant's waste contribution, and has considered that fact in its computations.  Plaintiff has also considered the litigation risks, particularly the minimal records available and the affirmative defenses that could be asserted.  See Cannons Eng'g, 899 F.2d at 90 ("the reasonableness of a proposed settlement must take into account foreseeable risks of loss").

6.      Second, the decrees are procedurally fair.  "To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance."  See id. at 86.  Here, the parties are represented by experienced counsel who have been engaged in good-faith, arms-length negotiations for several years.  The parties agreed to toll the statute of limitations while they participated

in meetings and exchanged information about their respective positions. Plaintiff has determined that there are no viable non-settling potentially responsible parties or issues that are not fully resolved by the consent decree. This Court is therefore satisfied that the consent decree is procedurally sound.

       7.      Third, this Court finds that the terms of the consent decree are substantively fair.  "The terms of a consent decree are substantively fair if they are based on the comparative fault and if liability is apportioned in relation to rational estimates of the harm each party has caused." <u>United States v. Fort James Operating Co.</u>, 313 F.Supp.2d 902, 908 (E.D.Wis. 2004) (citing <u>Cannons Eng'g</u>, 899 F.2d at 87).  Review of the consent decree reveals that comparative fault has been considered.  The parties have considered the difficulty of obtaining a precise qualitative and quantitative analysis of each entity's individual liability.  But based on their estimates, the parties agree that the collective settlement payment of $1.2 million is a reasonable allocation of costs in light of Defendants' potential liability.  Both sides have also considered the substantial litigation risks relative to fault, including minimal records, the difficulty of allocating liability, the existence of affirmative defenses, and the possibility that defendants could be held liable for more than the settlement amounts.  Thus, this Court finds that the parties have fully considered the issue of comparative fault and have allocated liability accordingly.  <u>Cf. Alliedsignal</u>, 62 F.Supp.2d at 723 (finding proposed consent decree unreasonable because it did not rationally apportion liability among the defendants).

       8.      Finally, this Court finds that the consent decree serves CERCLA's purpose, which is to "provide for liability, compensation, cleanup, and emergency response for hazardous substances released into the environment and the cleanup of inactive

hazardous waste disposal sites." Freeman, 189 F.3d at 163.  Under this settlement, Plaintiff is recouping approximately 30% of its past and projected remediation and management costs, which when coupled with a previous recovery, constitutes a total recovery of 68% of the remediation costs from responsible parties.

9. For the reasons discussed above, this Court finds that the consent decree is reasonable, fair, and consistent with CERCLA.  The consent decree is therefore approved.

IT HEREBY IS ORDERED, that the consent decree (Docket No. 2) is APPROVED and ORDERED by this Court.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated:   February 28, 2008
           Buffalo, New York

                                                            /s/William M. Skretny
                                                            WILLIAM M. SKRETNY
                                                            United States District Judge